UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LISA C. LOCKHART )<br>)<br>v.   )<br>)<br>MATTHEW STUART, CHRISTOPHER )<br>HALL, and WAYNE WOLFE   ) | NO. 2:06-CV-287 |

**MEMORANDUM and ORDER**

Lisa C. Lockhart, who is facing D.U.I. charges in Hamblen County, brings this *pro se* civil rights complaint under 42 U.S.C. § 1983 against two Morristown, Tennessee police officers and a towing truck operator. It appears from plaintiff's application to proceed *in forma pauperis* that she lacks sufficient financial resources to pay the required filing fee of $350 and, therefore, her application is **GRANTED**. [Doc. 1].

In her complaint, plaintiff makes the following allegations. On some unspecified date, she was arrested for D. U. I. in Hamblen County, without being given *Miranda* warnings or told that a breathalyzer test was mandatory. (She refused the breathalyzer because she is an asthmatic and believed that she could not produce enough air to provide adequate results.) After searching her car, an officer made arrangements to have it towed. She was then loosely handcuffed and transported to

jail in a police cruiser.

Once at the jail, her religious necklace was removed and, according to the officers, flushed down the toilet. The officers found this whole episode entertaining, but the plaintiff was not amused. Though one officer winked at her and told her that her necklace had not been flushed down the commode, their ridicule caused her to suffer pain and mental anguish. Also, she was asked various questions, including one about her religion. Her answer to this question was written down, though she preferred not to disclose that information.

She was never locked up, but her ankle was so tightly cuffed that it hurt and, because she has a blood disorder and is at high risk for blood clots, it "did swell some." Eventually, she was released on bond and, though her necklace was returned to her, twenty dollars ($20) was missing from her handbag, which had been left in her towed vehicle. This sum was reimbursed by the towing company because it did not want to get a bad name.

She would have the Court reconsider her state criminal charges, perhaps expunge the charge, and award her monetary damages for the mental anguish, pain and suffering associated with the teasing she endured at the police station. She insists that she is forced to represent herself because she is indigent and has never had effective representation. However, she wanted to tell her side of the story.

As the above claims for relief indicate, the plaintiff, in effect, is asking a federal court to intervene in her currently pending state judicial criminal proceedings. This action, however, cannot proceed and will be dismissed *sua sponte* for the reasons below.

The doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), applies here. Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking to enjoin an ongoing criminal prosecution against them in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise her challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974).

All of the factors supporting abstention are present here. Plaintiff's criminal proceedings are currently pending. Clearly, Tennessee has an important interest in highway safety and punishing conduct proscribed by its criminal statutes. Moreover, the plaintiff has not indicated that she will not be afforded an opportunity to press her claims in the state courts. Therefore, the Court must abstain from interfering in plaintiff's state criminal proceedings. *See Loch v. Watkins*, 2003 WL 21664879, *4 (6th Cir. Jul. 17, 2003).

There are some contentions, however, which do not implicate her criminal charge for D.U.I. Those contentions involve plaintiff's claims for monetary restitution for the mental anguish, pain and suffering she sustained as a result of being ridiculed and taunted about her religious necklace. To state a viable § 1983 claim, a plaintiff

must allege: 1) that she was denied a right, privilege, or immunity secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978).

The first element is missing here. Plaintiff does not indicate, and the Court is unaware of, any authority which holds that the Constitution prohibits taunting or teasing. Indeed, courts have held that there is no constitutional protection from verbal abuse, *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir.1987); minor threats, *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir.1999); or teasing. *Singfield v. Akron Metropolitan Housing Authority*, 389 F.3d 555, 561 (6th Cir. 2004). Thus, these particular allegations fail to state a claim under § 1983 and they will be dismissed.

A separate order will enter in accordance with this opinion.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE